Thank you. Good afternoon. May it please the court. My name is Corrie Hong and I represent petitioner Lionel Bogle. This case asks, can a police report deport an LPR when it is the only basis to bring in deportable facts? The answer, according to the Supreme Court, the federal courts, and the BIA precedent is no. The parties agree that these conviction documents alone do not have an admission and they do not have a finding about how much marijuana Mr. Bogle had when he was convicted of Georgia's offense of possessing of more than one ounce of marijuana. Under Moncrief, the lease of the act presumption requires us to presume that he possessed between 28.3 and 29.9 grams, which would be enough for the state court, but still not have any immigration consequences. Counsel, your argument is that even if we go with the circumstances specific approach, that there can't be any case, no matter what, where the police report alone is sufficient, right? Well, definitely not this police report. Okay. Well then let me, let me ask you then about that because, um, in this case, your client told the immigration judge and I'm looking at two 14 through two 16, uh, of the administrative record that he was innocent because he didn't know there was marijuana in the car. And he said three or four times, I know there was marijuana in the car. Uh, I, I didn't, I I'm sorry that I, I, I know marijuana was found in the car. I admit there was marijuana in the car. I just didn't know it was there. So when your client tells the IJ that what he's challenging is his intent, but not that there was marijuana in the car, the three pounds that the police report says that was recovered. Even in that circumstance, the police report isn't alone enough on a, on an issue where your client wasn't challenging that? No, there are factual reasons and legal reasons as to why, and the factual reasons, the police report says that there was a small amount of leads of marijuana found in, in the, in the front of the car. It also says that there were three pounds found in the trunk of the car. His testimony at all times has been that in that it was a rental car, it wasn't his car. And he did not know about the marijuana in the trunk. Now the, the prosecutor must have had agreed with him because he was originally charged with possession with intent to distribute marijuana and three pounds of marijuana would, would absolutely support that more serious trafficking. And he eventually, he eventually pled to an ounce or more. So that obviously wasn't the leaves on the console. Well, it could be more, it could have been an ounce in the car, but it wasn't the three pounds, whatever it was. And, and this is important because when the prosecutor took a look at the police report, it concluded that the three pounds was not enough because the prosecutor dismissed the more serious offense of possession for intent to distribute. Well, but I mean, the prosecutor could have had many reasons for exercising that type of prosecutorial discretion that had nothing to do with the quantity, right? Well, yes, your honor. But I think the, this goes back to the more, the more important legal issues that police reports cannot be found to be the substitute for facts. Judge Kleinfeld explained that police reports have an important role in starting an investigation, but in criminal court, there isn't a single prosecutor who would simply give the jury a police report and expect a conviction. This isn't, this isn't a criminal case. And if you have a circumstances specific approach it, it just strikes me. You can't have a rule that you can never use the police report on an issue that the, that the petitioner hasn't put in controversy. And the way I read the transcript, the petitioner put in controversy, whether he was innocent, but he didn't put in controversy how much marijuana was in the car. Well, your honor, Nijuan disagrees with you with all due respect in that it says that a police report cannot, the only documents that can be included under circumstances specific are those that are fundamentally fair, which it defines as quote, procedures that give an alien a fair opportunity to dispute the key fact of deportability. The examples that have met this opportunity to dispute are stipulation at sentencing, a restitution order, which is also under Nijuan. And under Fuentes, we have the PSR, a pre-sentencing report where the, where the person also has an opportunity to contest the facts as they're written. Examples that fall short of the Nijuan standard are allegations of a complaint of dismissed counts. This was the situation in Fuentes. And in Fuentes, the allegations of those dismissed counts were not necessary to the conviction record rendered. So they could not be used to support the deportable count. Is there any place, is there any place in the record council where the petitioner put at issue the amount, um, where the petitioner, where the petitioner claims that the amount in the police report wasn't sufficient? I'm sorry, I said that wrong, where the amount in the police report wasn't accurate as opposed to, I had no idea that there was any marijuana in the car. Well, he denies, um, all innocence goes to the fact that he denied knowing the three pounds. He denied knowing the three pounds, but he didn't argue that the three pounds wasn't there. And he was convicted of over an ounce. Well, your honor, the two elements of possession are knowledge and control. And if he never had knowledge of the three pounds, he never had possession of it. Well, he says I was never guilty of anything. Um, but he pled to possession of over an ounce. My point is that he wasn't putting into issue that it was, uh, 28.7 or 29.2. He was telling the immigration judge, I was totally innocent because there was any marijuana in the car. Well, your honor. And then here's the part he, and he denied it, which is different than Nijuan. Um, and also, uh, where in Nijuan, the person did not contest the amount of fraud that was in the restitution order. So we have both the prosecutor disagreed with the police report and Mr. Vogel himself disagreed. Olivas-Matas is another case where the, where this court in a published decision applied Nijuan to a CIMT offense. And there they said a police report cannot be used under the circumstance specific approach under Nijuan because there the police reports weren't reliable. And that's where justice, uh, or I'm sorry, judge Kleinfeld wrote in the, additional concurrence about, uh, the police reports, just not being a source for fact, ultimately because it does not account for the ways in which police reports are later amended and corrected and verified. Um, counsel, could you address, I thought part of your argument is that we shouldn't be applying a circumstance specific inquiry at all. And that under Medina, the law of the circuit commits us to a categorical approach. Could you address that? Your Honor, it's a novel question. The court hasn't decided it one way or the other. The court has the authority to decide the categorical approach or the, the matter of Davie. Even the court, the government in its brief, um, acknowledged that the BIA was wrong to rely to, uh, Shepard and, and, uh, police reports under the categorical approach. And that's true because Shepard had established that years ago. Um, so if the court decides that matter of Davies doesn't apply, it ends at the categorical approach and the police reports don't get in. But even if this court does decide to adopt matter of Davie, uh, which it has the authority to do under Chevron, even under, under matter of Davie, the circumstance, um, specific approach is not, does not allow for police reports. And that's Fuentes and Mijuan that, that counsel against that. So you're, you're, you're, you're not taking the position then that, well, I guess I'm just restating what you said. It's your view that whether to apply the categorical approach or the circumstance specific approach is an open question under circuit law. Yes. Okay. And, and, but the, the, the, the fundamental flaws apparent in both in that the police reports can't be used under the categorical approach that's clearly established under Shepard. And I would argue given under Mijuan and Fuentes and Olivas Matas, um, that that was answered, that police reports can not also be used under the circumstance specific approach. Um, another thing that's important about this police report that is not true in all states is that this state, this police report is not accompanied by a verification by the police officer. It also was not incorporated into the complaint, which sometimes it is under state procedures. Those, that indicia and that absence makes this even less reliable than it could be, um, to other state reports. So Judge Bennett, your question does, would all state police reports be excluded? I mean, there could be a situation where it's verified or attached to a complaint, but I would say, given that that is absent here, this one absolutely is not. Attorney Hong, I wondered if you have a position on whether or not the police report is complete because there is, um, indicia that there were photographs taken, but not attached, that there are lab reports, but not attached. So I wonder if, apart from some of the other verifications you've mentioned, do we have all that the police had to offer? Your Honor, that's an excellent question. I would say the Fourth Circuit has said no. In Prudencio, um, in the Fourth Circuit, it says that, um, you cannot, um, confer the imperture of fact, uh, for precisely that reason, that the police reports are the start of investigation and do not allow, um, for, for the other investigation and, um, uh, matters that are discovered. And I would say in this case in particular, it's significant that the prosecutor charged him with possession with intent to distribute, which if, if you look at the start of the police report, the only count mentioned is possession for intent to distribute at the first page of this report. And yet the prosecutor dismissed that count. I think the most reasonable inference is that either when the prosecution had a chance to investigate, they determined that the three pounds was either not true or not provable. In either way, that was not a sufficient fact for the criminal court and it definitely can't come in the back door in the immigration court. And if there are no further questions, may I reserve my remaining time? Yes. Okay. Thank you. Thank you. Uh, Mr. Kim. Uh, good afternoon, Your Honor. And may it please the court. My name is David Kim on behalf of the U.S. government. Um, I'd like to start by focusing on the fact that, uh, Ms. Hong, um, cast doubt on police reports in general and also cast doubt on this police court in particular. But I think it's important to keep in mind that this police report was used for a very limited purpose. Now, the opposing counsel basically said that the circumstance specific approach can apply here. And if we apply the circumstances specific approach, um, we're not actually limited to, um, a number of formal documents. We can actually look at something like a police report to get counsel. I'm sorry. This is Judge Miller. Could I ask you to, uh, pause for just a moment before moving into the circumstance specific approach and address our decision in Medina, um, which seems to be suggestive of a categorical approach here? Yes, Your Honor. So the court in Medina purported to consider the personal use, uh, exception under the categorical approach. But the government's position is that it's not clear that Medina applied the categorical approach as it's now understood. Medina came down in 2005, so it predated, uh, death camps and math. This was clarified the means elements distinction holding that the categorical approach applied to the elements of the statute, not the needs. Now, it's the government's position that the personal use exception is not an element. And so it's not necessarily true that the categorical approach wouldn't be applied to that exception now. And so it's very little possible that Medina, because it predated, uh, Mijuan, Maloui and, uh, Matter of Davie is somewhat stale. But, but Medina, I mean, the, the language that the court used was not about means and elements. It was talking about whether, you know, the conviction in that case resulted from, you know, personal use, uh, less than 30 grams. And it said in answering that question, uh, we're looking, uh, just at the, uh, the offense on the charging documents. Um, so how does that not answer the question before us? Um, well, because your honor, um, when the court was considering, uh, uh, the case, that issue in Medina, um, at that point, it wasn't entirely clear that the categorical approach should be reserved for formal elements. Now with regard to 1227, 18 B I, but we do agree that in the main, in the main, uh, the categorical approach should apply to that statute, but then the personal use exception is something different altogether for that other circumstance. Uh, specific approach can only apply. Um, and you know, there are several arguments for that. Uh, one argument is a textual lexical argument. Um, if you look at the exception, uh, it reads, um, a single offense involving possession for one's own use of 30 grams or less of marijuana. Now the statutory language is all important here. Um, that the language of the exception, it's exceedingly narrow and fact specific on space. Um, it doesn't refer to a common generic crime, but rather to a specific type of conduct committed on a specific number of occasions and involving a specific quantity of a specific substance as the work on a matter of dating. Now that practically calls for an inquiry into the facts. And so because of how the exception is spelled out, how it's formulated to govern position that only, only in circumstances, approach would make sense. If a categorical approach were, um, instead used, that would lead to some irregular outcomes. Uh, for instance, uh, the government did camps, uh, this, the, the marijuana, the controlled substance, uh, possession status for all 50 States. And it found that, uh, 48 of the 50, uh, state drug convictions would be categorically of overbroad. If the categorical approach were to be used, um, to the personal use exception, I'm in short, it would only cover the drug possession status of two States. Now that would leave 1227 HVBI with little, if any meaningful application. And so because of that lexical approach, we would argue that, uh, the court must use a circumstance specific approach in this case. Um, and in addition to that, moving on to whether a substantial evidence supports the board's finding under, under the circumstance, specific approach that more than 30 grams of marijuana, but judge mentioned earlier that it wasn't in controversy, um, whether, you know, there were 2.9, four pounds of marijuana or not or not, uh, Mr. Bogle never actually tested, never actually, uh, contradicted the officer's first person statement as to that particular fact. Now, uh, opposing counsel may say that the police court was affected by other deficiencies, but it doesn't matter with regard to this particular fact. She didn't actually bring that into controversy. And so, although he did say, I'm sorry, he did say, uh, you know, a couple of times, uh, I think he said, you know, the majority of the police report is not true. Uh, another time he said he, it wasn't an accurate, uh, why isn't that general, um, attack on the accuracy of it's sufficient? Um, uh, right. So as we argue in our brief, it's a matter of the judge choosing to give more weight, a greater weight to the police report over his, um, adversity, credible testimony. Now, if you read the IJ's decision, the IJ, uh, in detail goes over why he found, uh, that Mr. Bogle was not credible. And, uh, for instance, on a, um, on page 76 of the admin record, uh, the IJ said that, um, Mr. Bogle admitted, he misled the police officers by telling them she did not know the individual who gave him the backpack and he had met him at a club. Now, in fact, during his testimony, he said that he did know this individual. It was, um, his friend Tyrese and that Tyrese gave him this marijuana. Um, in addition to that, um, the immigration just found that his testimony about the shipping boxes, these very small was implausible. Now these boxes are very small. They're 11 by 11 by 11 inches and 14 by 14 by 14 inches. Now he claimed that the boxes were to help a family member move, but the immigration judge credibly found that this was implausible. And so we have to consider that, um, the immigration judge was weighing the police report against the backdrop of Mr. Bogle's adverse, uh, adversely credible testimony. And so, yes, while the immigration judge may have not have any more documents other than the police report to go on, no case lastly says that police reports as a class can't be relied upon to find, um, a defendant removable, um, removal in that particular context. And so it's the government, this is judge person. There is a requirement that the you used the term earlier, um, greater weight, making me think you were more in line with the preponderance standard. Far more clear and convincing is the correct standard. The police report should meet here, isn't it? Yes, your honor. But as I did mention earlier, it's not the government's position that the police court has to be, um, you know, clear and credible, um, clear and convincing evidence with regard to every, every element of the state statute. Um, it's government's position that it only goes to this particular question of whether, um, um, there was a certain, certain specific quantity of the marijuana, of marijuana on, um, Mr. Bogle's possession. And with regard to that very specific, very narrow fact, uh, police report actually is clear and convincing. Uh, there is no doubt as to the police report with regard to that particular fact, which is why it was fair for the immigration judge to rely on the police report with regard to that particular question. Um, so yes, from your colleague on the other side, that there is some doubt that resulted from prosecutorial discretion that there was no charge in line with three pounds of marijuana, but more like one ounce. I'm struggling with how an untested police report can be used in a fundamentally fair and reliable way. Can you speak to that? Uh, yes, Your Honor. So with regard to, uh, you know, Mr. Bogle's claim that, uh, you would have been charged with a, with a more severe offense had, uh, three pounds of marijuana actually been found in the car. Uh, well, courts are loathe to second guess the exercise of prosecutorial discretion, Your Honor. Um, there's a range of factors that might come into play of including, uh, the strength of the case, uh, the general deterrence value, uh, the government's enforcement priorities, uh, the cases of relationship to the government's overall enforcement plan. And so we, the government's position that, um, while petition, while the petitioner may find it significant that a more severe offense wasn't charged, we really don't think that should be an issue with regard to this case. Um, and so yes, while this police report may not have been, uh, authenticated, we would note that, uh, eight CFR 287.68, which is a regulation in question requiring an authentication. Um, well that was adopted after the regulation. Um, that was, uh, a USC 1229 AC three B, um, which is the statute that governs, um, the admission of, um, certain evidence. And moreover, Mr. Bogle's reliance on that particular regulation is misplaced, um, because the police report was brought in not to show the existence of conviction, but simply as evidence relating to the equities of the case. And so that particular regulation, Your Honor, actually goes to whether or not a conviction exists, but here it's uncontested that the conviction did, did exist. And so that, uh, regulation is, uh, is, is an act. And so if the court doesn't accept that substantial evidence to support the board's finding under the circumstance specific approach, now that's all important that Mr. Bogle possess more than 30 grams of marijuana. Then the question is whether, um, the court can actually review the jurisdiction to review, uh, that particular denial under eight, uh, USC 1252, a two B, um, the sole test. Now, again, the sole test for the admission of evidence and immigration proceedings is whether it's probative and it's admission fundamentally fair. The court does agree with that. Um, but if the court does find that it can go ahead and actually review this discretionary decision, we would again point to that particular test. And we would point out that, um, there's nothing to show that with regard to the crucial question of whether nearly three pounds of marijuana was found on Mr. Bogle's possession. Well, there's, there's no reason why the police court can't be admitted to that particular fact. And, uh, lastly, um, in light of the Supreme Court's recent decision in Barton, uh, Mr. Bogle is not eligible for cancellation of where he didn't satisfy seven years of continuous residence after a lawful admission. Now the court had made clear in Nguyen, uh, which postdated the immigration judge's decision, uh, that the commission of an offense referred to when 1182 82 doesn't trigger the soft time rule if it isn't also a ground for removal. Um, but as the government explained in, um, no 27 brief, the agency had additional grounds sufficient to deny cancellation, uh, namely credibility and, uh, the exercise of the agency's discretion. And given the fact that Nguyen was still then good law, the agency focused, elected to focus its arguments on those grounds. Now, given that Barton is now a good line has overturned, uh, Nguyen, um, counsel does think that's appropriate to point out that the agency did provide a reasoned analysis as to Mr. Bogle's ineligibility for cancellation. And that analysis has been validated by, uh, Barton. Um, now there are two separate grounds of inadmissibility. The first one is 1182 82 AI2, which is the ground for controlled substance offenses. Now the disposition of Mr. Bogle's Arizona offense, um, in contrast to his Georgia offense, doesn't change the fact that he was admitted. He admitted having committed acts constituting the essential elements of an offense under that particular ground. Um, he was found in possession of approximately five pounds of marijuana. He knew that the bag contained marijuana and he had agreed to hold the bag in exchange for money. So that is sufficient to meet that particular ground of inadmissibility. Now in the alternative, uh, Mr. Bogle was also statutorily ineligible because the facts underlying his Arizona offense, um, established a reason to under that particular ground. Um, and so to some, uh, Mr. Bogle was convicted of an offense relating to a controlled substance and the personal use exception doesn't extend so far as to cover him where the record shows, and he doesn't dispute that he was found in possession of almost three pounds of marijuana. And the government asked that the court focus on that particular fact, the fact of the three pounds of marijuana and not on his intent or belief that he is innocent. Further, he isn't eligible for cancellation where Arizona offense triggered the stop time rule and prevented him from meeting the continuous residence requirements. And then the alternative, uh, the agency weighed the equity in this case and determined that it wouldn't grant cancellation as a matter of discretion. And that decision is not reviewable. In light of all the foregoing, uh, the government asked that the court should deny the petition for review. Thank you. Um, Ms. Hahn, your rebuttal. Thank you. I have four points. First, uh, in answer to Judge Miller's, uh, question at page 35 of the government's brief, the government lays out the citation to a Louie and to the, to the Solicitor General's brief that made it very clear that it was not weighing in on whether this is, whether this particular ground should be subject to the order portability. So Medina very much seems to be fair game, especially because Malouie was in 2015. Well, African Asia one, uh, but was, was decided and the Supreme court probably held off for a reason. Second point, uh, my brother misspoke when he spoke about the shipping boxes and all of that matter that had nothing to do with the Georgia police report at AR 169. The government, the IJ makes it very clear that the Arizona police report goes to the reason to believe standard. Um, and that was what was analyzed in detail at, at the hearing, um, at page 214 to 15, there are only two paragraphs where he was asked about the Georgia offense. He was never asked about the exact quantity. Um, and that omission again goes, it's significant that the DHS cannot infer, um, evidence that was never presented, even when the DHS had an opportunity to present it. The third point is related is that because this is a deportable offense, that the DHS has a burden of proof. The government agreed to that in its, in its, in its brief. And it's significant that when there is a deportability ground, not the reason to believe that there has to be sufficient evidence. Texiera matter of Texiera, which is the BIA case. Um, in that situation, LPR was convicted of offense of a possession of a weapon in a car. The BIA itself said that the conviction documents did not identify that weapon and rejected the use of a police report that clearly identified the weapon in this man's car as being a gun. BIA said, you can't go to police reports as a matter of fact, when the DHS has a burden of proof. So the fourth point is that the government has yet to cite to any Supreme court case, any federal court case, and even any BIA case that has ever allowed a police report to come in to a D to a deportability ground, which is something that the DHS always has the burden to because there's also no fact in this case, there's no plea agreement. And actually on the, on the, on the evidence, which is at 650, or at the statement of the sentencing report at 653, there's a question, page 653 in the corrected sentence at AR 394, where the government imposes, or I'm sorry, where the state of Georgia imposes sentence for this particular offense. There are two boxes to indicate whether the conviction was based on a negotiated plea or a non-negotiated plea, and both boxes are blank. The government didn't even show that a plea was at issue. And so it's very important that on this record in particular, that the police report cannot- Although, although counsel, as the government points out at page 388 of the record, the order of termination says pursuant to an agreement between the district attorney's defense counsel and agreed to by the court, the defendant's probation was to be determined, was to be terminated after two years from the date of sentence, et cetera, right? Yes, but we don't know the contents of what he agreed to. We don't know the content, but your argument was that there's no evidence that there was any plea agreement just now. Well, let me, even if we, if that is, the order is we don't know the contents and significant that the police report does not hear that defect. All right, we thank both counsel for their helpful arguments and this case will be submitted. The next case is United States versus Ford.
judges: Pearson, Bennett, Miller